**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**NUHN INDUSTRIES LTD.,**

                                    **Plaintiff,**

**v.**

                                                            **23-CV-368-JLS(HKS)**

**ATLAS AG SERVICES, LLC,**

                                    **Defendant.**

_____

## <u>DECISION AND ORDER</u>

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #10.

This is a patent infringement action in which plaintiff alleges that defendant infringed four of plaintiff's patents relating to certain agricultural machinery. Dkt. #1. Defendant counterclaims for declaratory judgments of non-infringement and invalidity. Dkt. #7.

Currently before the Court is defendant's motion to stay this case. Dkt. #9. For the following reasons, the motion to stay will be granted.[1]

---

[1] Motions to stay a case "are non-dispositive and thus within a magistrate judge's jurisdiction to determine." *Softrend, Inc. v. Wee Squeak*, 07-CV-0411 (A) (M), 2008 WL 11363384, at *1, n.2 (W.D.N.Y. June 12, 2008) (citations and internal quotation marks omitted).

## BACKGROUND

Plaintiff Nuhn Industries Ltd. ("Nuhn") is a Canadian corporation that markets an amphibious pumping vehicle for use in agitating manure lagoons called the "Lagoon Crawler." Dkt. #1, ¶¶ 2-3.

From 2021 to 2023, the United States Patent and Trademark Office issued four patents to Nuhn for the Lagoon Crawler: the '557 Patent; the '425 Patent; the '835 Patent; and the '708 Patent. Dkt. #1, ¶¶ 20-25.

Nuhn alleges that another vehicle called the "Wolverine Series Agitation Boat," manufactured by Bazooka Farmstar, LLC ("Bazooka"), infringes its patents. Dkt. #1, ¶¶ 1, 52. Nuhn alleges that Bazooka began marketing the Wolverine boat in early 2021. Dkt. #1, ¶ 26.

Nuhn further alleges that defendant Atlas Ag ("Atlas") has been infringing Nuhn's patents since at least February 2022 by using Wolverine boats to provide manure lagoon agitation services to Atlas's customers. Dkt. #1, ¶¶ 30-45.

### The Wisconsin and Iowa Cases

On November 16, 2021, Nuhn sued Bazooka and one of its dealers, Tasch's Custom LLC ("Tasch"), in the United States District Court for the Eastern District of Wisconsin. *Nuhn Ind. Ltd. v. Bazooka Farmstar LLC*, Case No. 21-cv-1322-bhl (E.D.

Wisc.).[2] Nuhn alleged that Bazooka "infringed the Nuhn Patent when it began marketing its own amphibious pumping vehicle, the Wolverine Series Agitation Boat, in early 2021." *Nuhn v. Bazooka Farmstar LLC*, Case No. 21-cv-1322-bhl, 2022 WL 816583, at *1 (E.D. Wisc. Mar. 17, 2022).

Nuhn also alleged that Tasch, the Bazooka dealer, "infringed the Nuhn Patent by selling Bazooka's Wolverine Series Agitation Boat." *Id.*

Bazooka moved to sever the claims against it and transfer venue, and Tasch moved to dismiss or, in the alternative, to stay the proceedings against it pending resolution of the claims against Bazooka. *Id.*

In an opinion filed March 17, 2022, the Wisconsin federal court transferred Nuhn's patent claims against Bazooka to the Southern District of Iowa, pursuant to the patent venue statute. *Id.* at *2-3. The Court also held that the claims against Tasch should be stayed pending litigation of Nuhn's claims against Bazooka in Iowa. *Id.* at *3-4.

As relevant here, the Wisconsin court stated:

> To the first factor, Tasch is a peripheral defendant. Courts have routinely found that mere resellers of allegedly infringing products are only peripherally involved in a plaintiff's patent infringement lawsuit against the product's manufacturer.  . . .

---

[2] It is well established that the Court "can take judicial notice of a document filed in another court not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings." *Gong v. Sarnoff*, 23-cv-343 (LJL), 2023 WL 5372473, at *5, n.8 (S.D.N.Y. Aug. 22, 2023) (citation and internal quotation marks omitted).

The second factor also favors severance and transfer. ***Tasch will only be liable if Nuhn prevails against Bazooka, and Nuhn cannot recover twice for the sale of an infringing product***. . . . ***Therefore, the claims against Tasch will be moot regardless of the outcome of Nuhn's suit against Bazooka***. . . .

The only remaining question is what to do with the case against Tasch. ***Allowing Nuhn to proceed against both Defendants simultaneously would reduce "judicial economy" to a bad punchline. It would also create a substantial risk of inconsistent verdicts. The best course of action is to stay the case against Tasch while Nuhn and Bazooka litigate their dispute in another forum***.

*Id.* at *4 (emphasis added).

After Nuhn's claims against Bazooka were transferred to the Southern District of Iowa, the Court there entered a case management order on April 17, 2023. Dkt. #22-1. The Iowa Court also held numerous status conferences, resolved discovery matters, and entered a protective order. *See generally Nuhn Indus. Ltd. v. Bazooka Farmstar LLC*, Case No. 3:22-CV-00015 (S.D. Iowa).

On January 26, 2024, the parties advised the Iowa court of certain developments in post-grant proceedings filed by Bazooka with the U.S. Patent and Trademark Office regarding Bazooka's invalidity challenges to Nuhn's patents. Case No. 3:22-CV-00015 (S.D. Iowa), Dkt. #127. Those proceedings are the basis for a motion to stay the Iowa matter, which remains pending. *Id.*

Finally, under the current scheduling order in the Iowa case, the parties' claim construction briefs are due in February and March 2024; the Court has a claim construction hearing set for April 16, 2024; and the fact discovery deadline is June 27, 2024. Dkt. #22-1.

## DISCUSSION AND ANALYSIS

"The ability to stay cases is an exercise of a court's inherent power to manage its own docket." *OV Loop v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023) (citation and internal quotation marks omitted).

The parties disagree as to whether a three-factor or five-factor test governs the stay analysis. Dkt. ## 9-1, p. 10, Dkt. #22, p. 10-11. It would be a waste of the Court's resources to parse these differences because the inquiry is fundamentally the same under either test: the Court must consider the interests of the parties and any potential prejudice to them; whether a stay conserves valuable court resources; and whether a stay simplifies matters and reduces the risk of inconsistent outcomes. *OV Loop*, 2023 WL 79005690, at *2; *Turf Nation, Inc. v. Platte River Ins. Co.*, 17-CV-534V(F), 2017 WL 5897473, at *3 (W.D.N.Y. Nov. 30, 2017).

The overarching priorities are "the interests of justice," *Turf Nation*, 2017 WL 5897473, at *3, and "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

With these considerations in mind, it is clear that this case should be stayed pending the outcome of Nuhn's suit against Bazooka in Iowa. Nuhn's claims against Atlas present the same questions of validity and infringement as to the same four patents which are before the Iowa court. *See* Case No. 3:22-CV-00015 (S.D. Iowa), Dkt. #122 (parties' Joint Claim Construction Statement regarding their construction positions on the '557 Patent, the '425 Patent, the '835 Patent, and the '708 Patent).

Resolution of the Iowa matter will thus answer the threshold question of whether Nuhn's patents are enforceable and, if so, whether Bazooka infringed them in producing the Wolverine boat. Whatever that court determines will be dispositive in this case, obviating duplication of both private and judicial resources. *Nuhn,* 2022 WL 816583, at *4.

As discussed above, the Iowa case is procedurally much further along than this case. Thus, as the federal court in Wisconsin observed, "Allowing Nuhn to proceed against both Defendants simultaneously would reduce 'judicial economy' to a bad punchline." *Id.*

Patent law policy also weighs in favor of a stay because "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by a patent owner against customers of the manufacturer." *Katz v. Lear*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). Thus, even if Nuhn is correct in arguing that there are "case specific" issues in this matter—independent of those in the Iowa litigation—a stay is still the most

prudent course of action. *Id.* ("Although there may be additional issues involving the defendants in the Batavia action, their prosecution will be advanced if [plaintiff] is successful on the major premises being litigated in Massachusetts, and may well be mooted if he is unsuccessful."). *See also Bell Semiconductor, LLC v. ASMedia Tech., Inc.*, 22-CV-9260 (VEC), 2023 WL 4296089, at *2 (S.D.N.Y. June 30, 2023) ("Staying this case until the Delaware Action is resolved will allow Plaintiff to confront the manufacturers at the root of this dispute, preserve resources, and avoid conflicting judicial decisions.") (citations omitted).

Nuhn argues that it will be prejudiced by a stay because this Court's docket is "among the most crowded in the nation," which means significant delay upon the stay's lifting. Dkt. #22, p. 13.

The Court weighs this factor differently. As noted above, the Iowa case is significantly further along in litigation. Nuhn is thus far more likely to obtain a merits-based decision in the Iowa case before it would here, where discovery has not even begun.

For the above reasons, the Court finds that the motion to stay is well taken.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to stay (Dkt. #9) is granted.


**SO ORDERED.**


DATED:        Buffalo, New York

February 12, 2024


 **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**